RECEIVED
IN ALEXANDRIA, LA.

JUL 15 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MARVEL THOMPSON | CIVIL ACTION NO. 10-755 |
| VERSUS | JUDGE TRIMBLE |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion for judgment by plaintiff seeking a ruling from this court as to the reasonableness of the jeopardy assessment against plaintiff's property by the United States of America ("Government"). For the reasons expressed below, the court finds that the above captioned case should be transferred to the U.S. District Court for the Northern District of Illinois where venue is proper.

I.  BACKGROUND

Plaintiff, Marvel Thompson, was arrested in Chicago on or about May 12, 2004 on federal narcotics charges. At the time of plaintiff's arrest, the Federal Bureau of Investigation ("FBI") seized $320,055.25 from plaintiff.[1] Plaintiff later pled guilty and was sentenced to 540 months in the

---

[1] Plaintiff notes that these funds were not seized from his person or from his personal apartment, but from another apartment which was used as an "office." See R. 11 at p. 4. We do not find that any dispute amongst the parties as to this fact is relevant to the issues now before the court. The court does note, however, that plaintiff admits that he owned the apartment complex in question and, accordingly, the "office" from which the funds were seized. See R. 1 at ¶ 9.

1

custody of the Bureau of Prisons.[2] Plaintiff was also ordered to pay a fine in the amount of $100,000.[3]

Approximately one (1) year after sentencing, plaintiff filed a motion under Rule 41(g) in the U.S. District Court for the Northern District of Illinois, Eastern Division, for return of his seized funds and other property.[4] While the government initially consented to the return of approximately $310,180.00, constituting the funds seized minus $8,775.25 the government claimed as administrative forfeiture, plus $47,186.25 in interest, plaintiff did not agree to the stipulation and argued, instead, that he was owed $322,975.00 plus $64,595.00 in interest, as well as other seized property.[5] The government rejected plaintiff's demand and subsequently determined that plaintiff still owed the majority of his $100,000.00 fine and approximately $218,798.00 in unpaid federal income tax. The Internal Revenue Service ("IRS") filed a jeopardy assessment against the funds being held by the government as a result of plaintiff's tax liability.[6]

Plaintiff now contests the reasonableness of the government's jeopardy assessment before this court, having filed suit for judicial review under 26 U.S.C. § 7429. As pointed out by the government, the Illinois Northern District Court recently ruled on plaintiff's Rule 41(g) motion, granting that motion to the extent that the seized funds, minus an amount necessary to pay the

---

[2] R. 9-2 (recent ruling by the U.S. District Court for the Northern District of Illinois, Eastern Division).

[3] Id.

[4] Id.

[5] Id.

[6] Id., R. 6 at p. 11.

2

remainder of plaintiff's fine, properly belong to plaintiff because the government failed to seek forfeiture of these funds.[7] The court also held, however, that the funds should continue to be held by the government because of plaintiff's ongoing tax dispute with the IRS.[8]

## II. APPLICABLE STANDARD

If the IRS determines that a taxpayer has failed to pay all the federal income tax owed for one or more years, it may issue a notice of deficiency informing the taxpayer of the amount owed.[9] Generally, a taxpayer is granted a ninety-day hold on the collection of any tax deficiency, during which time an appeal may be taken by filing a petition in Tax Court. If, however, the IRS determines that collection of the deficiency amount is jeopardized or may become jeopardized by the standard delay, it may issue a jeopardy assessment under 26 U.S.C. § 6861(a).

A taxpayer may challenge the reasonableness of a jeopardy assessment by seeking administrative review of the assessment within thirty (30) days of receiving written notice thereof.[10] If the taxpayer is dissatisfied with the outcome of administrative review, the taxpayer may avail himself of expedited judicial review under 26 U.S.C. 7429(b), which provides that the taxpayer may file suit in federal district court within ninety (90) days of notification by the IRS of the outcome of administrative review.

Under Section 7429, the district court may only consider two issues: (1) the reasonableness

---

[7] R. 9-2 at pp. 9-12.

[8] Id.

[9] 26 U.S.C. § 6212(a).

[10] 26 U.S.C. § 7429(a)(2).

of the assessment under the circumstances and (2) the appropriateness of the amount assessed.[11] The government bears the burden of proof with respect to the first issue, while the taxpayer bears the burden on the second issue.[12] The district court may not decide the correctness of the underlying tax deficiency as determined by the IRS.[13] Relief from the actual deficiency finding is available by appeal to the Tax Court under separate statute.[14] A district court's determination of these issues is not reviewable by any other court.[15]

## III. ANALYSIS

Plaintiff's motion, filed June 15, 2010, asserts that he is entitled to judgment in his favor as to the jeopardy assessment on the basis that the government failed to respond to this suit within twenty (20) days of the filing thereof as required by Tax Court Rule 56(d)(2).[16] The government answered plaintiff's suit on June 18, 2010 and asserted multiple defenses to plaintiff's motion which we will discuss below.[17]

The government first argues that the time for filing of its answer in this case was tolled because plaintiff failed to perfect service of his summons and complaint under Fed. R. Civ. P. 4(i)(1)(A), (B) and (C) which require that service on the United States and its agencies,

---

[11] 26 U.S.C. § 7429(g).

[12] Id.

[13] 26 U.S.C. § 6213; Humphreys v. United States, 62 F.3d 667, 671 (5th Cir. 1995) (citing Vicknair v. United States, 617 F.2d 1129, 1131 (5th Cir. 1980)).

[14] Id.

[15] 26 U.S.C. § 7429(f).

[16] R. 5.

[17] R. 6.

corporations, officers or employees must, if by mail, be made by certified or registered mail to the civil-process clerk at the United States attorney's office. Additionally, copies of the summons and complaint must be sent via certified or registered mail to the Attorney General of the United States at Washington, D.C. The government points out that plaintiff's certificate of service found at R. 1-3, p. 6 evidences that service was made via registered or certified mail and, additionally, that plaintiff failed to make service on the Attorney General in any way.[18]

Our review of the record indicates that summons was issued both to the U.S. Attorney and the U.S. Attorney General on May 12, 2010, but no proof of service has been filed as to these summonses.[19]

Plaintiff argues that Fed. R. Civ. P. 4 does not apply to this case because this action is governed by 26 U.S.C. 7429, which provides that this court must determine whether or not a service defect exists within five (5) days of the filing of the suit in order to toll the statutory delay for the government's response.

Plaintiff is not entitled to what amounts to a default judgment under the circumstances of this case. In Boyd v. United States, the district court for the District of Columbia reached a similar conclusion where the plaintiff taxpayer failed to request speedy determination until after the lapse of the statutory delay and requested an extension and showed no prejudice resulting from the government's delay in responding to the suit.[20] In the case at bar, although plaintiff filed suit on May 4, 2010, his complaint did not inform the court of his entitlement to a speedy determination of his

---

[18] R. 6 at p. 1.

[19] R. 3.

[20] 724 F.Supp. 1036 (D.D.C. 1989)

claim.[21] Plaintiff's motion for judgment was not filed until the statutory delay of twenty (20) days had already lapsed.[22] Moreover, the summons issued by the Clerk of Court specified that the government had sixty (60) days to answer the suit.[23] Finally, plaintiff himself asked for two (2) extensions of time to file a reply to the government's answer.[24] Given these facts, the court declines to strike the government's answer and further denies plaintiff's motion insofar as it seeks judgment in his favor based on the government's delay in answering the suit.

The government next argues that the Western District of Louisiana is not the proper venue for adjudication of plaintiff's suit and that, pursuant to Fed. R. Civ. P. 12(b)(3), plaintiff's suit should be dismissed or transferred to the U.S. District Court for the Northern District of Illinois, where plaintiff's Rule 41(g) motion was previously pending.[25] Moreover, the government points out that plaintiff was sentenced in the Northern District of Illinois and that continues to be plaintiff's district of residence even though plaintiff is currently incarcerated at USP Pollock in Pollock, Louisiana, which is located in the Western District of Louisiana.[26]

Plaintiff argues that he "eats, breathes, sleeps, and physically 'lives' in Pollock, Louisiana" and that these facts make the Western District of Louisiana his domicile. Plaintiff also argues that the situs of the money at issue is of no consequence in this court's venue determination.

---

[21] R. 1.

[22] R. 5.

[23] R. 3.

[24] R. 8, 10.

[25] R. 6 at p. 2.

[26] Id.

26 U.S.C. § 7429(e), concerning venue, provides that a civil action under Section 7429 may only be brought in the judicial district specified in 28 U.S.C. § 1402. Section 1402(c) provides that suits against the United States brought under 28 U.S.C. § 7429

> may be prosecuted only in the judicial district where the property is located at the time of levy, or if no levy is made, in the judicial district in which the event occurred which gave rise to the cause of the action.

Under the express statutory language, plaintiff's suit under Section 7429 of the Internal Revenue Code may only be prosecuted in the Northern District of Illinois because plaintiff's arrest, the government's seizure of the funds and the IRS's jeopardy assessment all occurred in that district. Accordingly, venue is not proper in the Western District of Louisiana. Given the prior rulings issued by the district court in Illinois, we decline to dismiss plaintiff's suit and, instead, find that it should be transferred to that district for further proceedings as may be appropriate.

The court will issue an order in conformity with these findings.

July 15, 2010
Alexandria, Louisiana

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT COURT