FILED
8-30-2010
AUG 30 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MHW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARVEL THOMPSON, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| vs. ) | No. 10 CV 4455 |
| ) | Judge Leinenweber |
| UNITED STATES OF AMERICA, ) | Magistrate Judge Gilbert |
| ) | |
| *Defendant,* ) | |

## PLAINTIFF'S MOTION FOR JUDGEMENT, PURSUANT TO 26 U.S.C. §7429(b)(3)

Marvel Thompson, plaintiff *pro se,* respectfully moves for entry of judgment in this matter in accordance with dictates of 26 U.S.C. § 7429 (b) (3). In support, plaintiff submits the following.

## I. PROCEDURAL HISTORY

By Complaint, dated April 28, 2010, Thompson moved, pursuant to 26 U.S.C. §7429, for a Judicial Review, in The United States District Court For The Western District Of Louisiana, of a Jeopardy Assessment by the Internal Revenue Service. Doc. No.1.[1]

On May 04, 2010, the Clerk of the Court sent Thompson a Notice of Deficiency, regarding the Complaint filed May 04, 2010, for "none payment of the filing fee" for a new civil action for the sum of $355.00, within (10) days. Civil Action was assigned No. 1:10CV75. Doc. No. 2

---

[1] Cites preceded by "Doc. No." are to entries in the docket of Case No. 1:10-CV-00755-JTT-JDK. Now Doc. No. 10 CV 4455.

1

Thompson paid the Court-ordered filing fee, and a **Minute Entry** dated May 10, 2010, reflects that the Clerk had received the filing fee, paid by Thompson.

On May 10, 2010, a **Minute Entry** shows that the case was assigned to Judge James T Trimble, Jr., and Magistrate Judge James D Kirk.

On May 5, 2010, the Clerk issued A **"SUMMONS IN A CIVIL ACTION"** as to U.S. Attorney for the western District of Louisiana and U.S. Attorney General Washington, D.C. Doc. No. 3

On May 20, 2010, Thompson sent the Court a Motion styled as **"OBJECTING TO PART OF THE SUMMONS AND CONSOLIDATED REQUEST FOR RETURN OF FILING FEE"** with these arguments: (1) Objecting to the 60 days given, for the U.S. Attorney to respond to the Complaint, (2) and that this Court only has 20 days to decide which party is right or wrong (3) requesting the return of the filling fee of $355.00 because this was an extension of an Administrative Appeal, governed by 26 U.S.C. §7429, and not by filing fee provisions of the Federal Rules of Civil Procedure, and (4) (a) to set aside the IRS's Jeopardy Assessment in toto: and (b) to order the release of the IRS's Jeopardy Levy in toto (c) in the alternative, Plaintiff requests a hearing as contemplated by Rule 56(e), because the defendant did not respond within the time-frame given by law. Doc. No. 4 pp. 1-3.

On June 10, 2010, after no response by the Court, the U.S. Attorney's Office, or anyone else, Thompson filed a **"MOTION FOR JUDGEMENT PURSUANT TO 26 U.S.C. §7429(b)(3)"**. The statutorily dictated 20 days for a Determination by the Courts passed, and there was no response by anyone. Doc. No 5.

On June 15, 2010, a **Minute Entry** was entered transferring Motion for Judgment to James T Trimble. Jr.

2

On June 18, 2010, 41 days after Plaintiff's original motion was filed with the Clerk, plus 21 days after the statutorily dictated 20 days, in 26 U.S.C. §7429 (b) (3) for a Courts decision. The Government filed their **"RESPONSE TO COMPLAINT"**. Doc. No. 6.

On June 19, 2010, Thompson became aware of the Government's filing of a Response to Complaint, by a family member, through the pacer system. Thompson informed the Court by motion **"PLAINTIFF'S NOTICE OF INTENT TO REPLY"** that Thompson was waiting on the Government's filing because Thompson had not received it yet, (Doc. No. 8).

On June 24, 2010, Thompson received the Government's filing while the institution where Thompson is imprisoned was under "lockdown status" and Thompson had no access to the institution's law library while the same was under lockdown status. Thompson sent a **"SECOND NOTICE OF INTENT TO REPLY"**. (Doc. No. 10)

On July 6, 2010, Thompson sent to the Court **"PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO COMPLAINT"**. answering the Government's response, Thompson submitted that (I) Service was proper (II) There was no basis for tolling since service was proper and the Government response should be stricken (III) Venue is proper in Western District of Louisiana. (IV) Some of the Government's admissions and denials are factually inaccurate. (V) Counter statement Re: Plaintiff's criminal proceedings (VI) reasonableness (VII) Amount assessed (VIII) Abatement and to set aside the Jeopardy Levy and Jeopardy Assessment. In the alternative, this Court should order abatement, as requested on page 11, (Doc. No. 11).

On July 15, 2010 the Court issued its Memorandum and Ruling (1) "the Court declines to strike the Government's answer, and further denies plaintiff's motion, insofar as it seeks judgment in his favor based on the Government's delay in answering the suit". (2) "Venue is not proper in the Western District of Louisiana. Given the prior rulings issued by the District Court

in Illinois[2], the Court declines to dismiss plaintiff's suit and, instead, find that it should be transferred to that District for further proceedings, as may be appropriate." (Doc. No. 12)

On July 24, 2010, Thompson filed a **"MOTION TO ALTER OR AMEND JUDEGMENT AND CONSOLIDATED MOTION FOR RECONSIDERATION"**. (1) "Upon cursory glance at page 9 of the initial Complaint filed by Plaintiff, it reveals that this Court has overlooked paragraphs 40 and 41 which specifically gives notice of the time limitations inherent within these proceedings."(Doc. No.1 p. 9 ¶¶40-41), (Doc. No. 15).

On August 4, 2010 the Court denied Thompson **"MOTION TO ALTER OR AMEND JUDGEMENT AND CONSOLIDATED MOTION FOR RECONSIDERATION"**. (Doc. No. 16)

## II. ARGUMENT

This proceeding is governed by 26 U.S.C. §7429. According to Section §7429(b)(3), this Court had a maximum of twenty (20) days to determine which party is right and wrong concerning the matter in dispute. *See*, **"COMPLAINT TO SET ASIDE JEOPARDY ASSESSMENT AND RELEASE JEOPARDY LEVY"**, pp. 9-10, ¶¶40-41 (Doc. No.1) and **"OBJECTION TO PART OF THE SUMMONS AND CONSOLIDATED REQUEST FOR RETURN OF FILING FEE"**, p 1¶1 (Doc. No. 4

Plaintiff's Complaint was filed on May 4, 2010 (41days before Defendant's response was filed with the Clerk and 21 days after the statutorily dictated 20 days in 26 U.S.C. §7429 (b) (3) for a Courts decision).

---

[2] Case No. CV 1294 Judge Bucklo June 25 order and memorandum Doc. No. 76 For The Northern District of Illinois Eastern Division.

The Commissioner was properly served and has failed to respond in the time Allotted by law. Because that is so, the Commissioner has waived and/or forfeited any right to respond/defend in this matter and, any response should be stricken from the record.

The Commissioner has failed to respond in the time Allotted by law, and the statutorily dictated 20 days for a decision by this Court had elapsed, May 25, 2010. Plaintiff is entitled to a judgment in his favor.

## B. RETURN OF FILING FEE

It is plaintiffs position that, because this is an extension of his administrative appeal, the filing fee provisions of the Federal Rules of Civil Procedure do not apply. Moreover, nothing in 26 U.S.C. Section §7429 gives plaintiff official notice of any filing fee. Plaintiff merely complied with the Court's notice of deficiency document demanding for payment of the filing fee, or filing of and in-forma pauperis request so that the proceedings would not be hindered. However; now that the record is clear, that there is no authority for the collection of a filing fee in this Court regarding Judicial Review of a Notice of Jeopardy Assessment or Jeopardy Levy, plaintiff asks that this Court return Thompson's $355.00 filing fee. Or, show plaintiff where this Court derives its jurisdiction to impose a filing fee for proceedings such as this, concerning Judicial Review of administrative decisions relating to Jeopardy Assessments and Jeopardy Levies. (Doc. No 2).

## III. LEGAL STANDARD

In general: Except as provided in subparagraph (B), the District Courts of the United States shall have exclusive jurisdiction over any civil action for a determination under 26 U.S.C. Section §7429(b).

A judicial determination must be made within 20 days of the commencement of the lawsuit. 26 U.S.C. Section §7429(b) (3).

If a Civil Action is filed under 26 U.S.C. Section §7429(b), with the Tax Court, and such Court finds that there is want of jurisdiction because of the jurisdiction provisions of subsection (b) (2), then the Tax Court shall, if such Court determines it is in the interest of justice, transfer the Civil Action to the District Court in which the action could have been brought at the time such action was filed. Any Civil Action so transferred, shall proceed as if such action had been filed in the District Court to which such action is transferred, on the date on which such action was actually filed in the Tax Court, from which such action is transferred. 26 U.S.C. §7429(e) (2).

## VI. CONCLUSION

For the foregoing reasons, and the reasons stated in plaintiff's motion, Plaintiff prays that this Court: (a) set aside the IRS's Jeopardy Assessment in toto; (b) order the release of the IRS's Jeopardy Levy in toto; and (c) return the filing fee to:

**Marvel Thompson**
**04028-748**
**P.O. Box 474701**
**Des Moines, Iowa**
**50947-0001**

In the alternative, issue an abatement requiring that any obligations plaintiff may have to the IRS is deemed satisfied in light of the agreement between plaintiff and the Government, requiring the return of all of plaintiff's money, since such agreement must be deemed binding on all United States' Government Agencies, as none were excluded by the terms of the agreement.

Plaintiff stands firm in his position that: (1) the amount assessed is unreasonable under the circumstances, and (2) the amount assessed is highly inappropriate.

Dated: August 19, 2010

Respectfully submitted,

*[signature]*

Marvel Thompson
Reg. 04028-748
USP Pollock
P.O. Box 2099
Pollock, LA 71467-2099

# CERTIFICATE OF SERVICE

I, Marvel Thompson, hereby certify that I handed envelopes containing originals and copies (as indicated below) of the foregoing, **PLAINTIFF MARVEL THOMPSON'S MOTION FOR JUDGEMENT PURSUANT TO 26 U.S.C.§7429(b)(3)** to staff at USP Pollock for processing as "Legal Mail" with proper postage affixed on this 19th day of August, 2010, addressed to:

Clerk's Office
United States District Court
Northern District of Illinois
Eastern Division
219 S. Dearborn Street
Chicago, IL 60604
**(3 copies)**

Valerie G. Preiss
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
**(1 copy)**

United States Attorney's Office
U.S. Attorney
Northern District of Illinois
219 S. Dearborn Street, 5th Floor
Chicago, IL 60604
**(1 copy)**

By: /s/ Marvel Thompson
Marvel Thompson
Reg. 04028-748
USP Pollock
P.O. Box 2099
Pollock, LA 71467-2099